■ MARY KLAPAK, on Behalf of Herself and All Others Similarly Situated, Appellant, v GREGORY PAPPAS et al., Respondents.—In an action pursuant to subdivision 3 of section 131-o of the Social Services Law to recover damages and for declaratory relief, the named plaintiff appeals from an order of the Supreme Court, Suffolk County, dated March 14, 1980, which denied her motion to permit the action to be maintained as a class action. Order affirmed, without costs or disbursements. The named plaintiff is a former resident of the Babylon Beach House, an adult care facility owned by defendants and regulated pursuant to titles 1 and 2 of article 7 of the Social Services Law. By the instant action she sought to recover moneys allegedly withheld by defendants in violation of subdivision 3 of section 131-o of the Social Services Law. Her complaint contained four distinct causes of action, including one for compensatory damages on behalf of the proposed class (being all those residents of the Babylon Beach House who allegedly had money wrongfully withheld by defendants between July, 1977 and September, 1979). Plaintiff moved for class action certification. Special Term denied the motion on the ground that subdivision b of CPLR 901 proscribes the use of a class action in suits based on a statute which creates or imposes a penalty or minimum measure of recovery, unless said statute specifically authorizes recovery in a class action. Special Term's decision was correct. Subdivision 3 of section 131-o of the Social Services Law states, in relevant part: "Any individual who has not received or been able to control personal allowance funds to the extent and in the manner required by this section *may maintain an action in his own behalf* for recovery of any such funds, and upon a showing that the funds were intentionally misappropriated or withheld to other than the intended use, for recovery of additional punitive damages in an amount equal to twice the amount misappropriated or withheld." (Emphasis added.) Since subdivision 3 of section 131-o authorizes recovery of punitive damages, it is clearly "a statute creating or imposing a penalty" (CPLR 901, subd b), in that: "punitive damages are penal in their nature and are different, both in nature and purpose, from compensatory damages. Such damages are allowed in addition to compensatory damages, and are awarded upon public consideration as a punishment of the defendant for the wrong in the particular case, and for the protection of the public against similar acts" (14 NY Jur, Damages, § 176; see, also, *Walker v Sheldon*, 10 NY2d 401; *Tommey v Farley*, 2 NY2d 71; *Krug v Pitass*, 162 NY 154; *Hamilton v Third Ave. R. R. Co.*, 53 NY 25). Subdivision 3 of section 131-o of the Social Services Law contemplates recovery of both compensatory and punitive damages. The named plaintiff must therefore seek both in order to adequately represent the interests of the proposed class (CPLR 901, subd a, par 4), whose right to both must be pleaded in a single cause of action *(Schwed v Turoff,* 73 AD2d 615; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858), or be subsequently foreclosed *(Israel v Wood Dolson Co.,*

1 NY2d 116, 118.) However, in pleading punitive damages, the named plaintiff would be improperly seeking recovery of a penalty under subdivision 3 of section 131-o, which does not specifically authorize recovery thereof in a class action suit. Accordingly, Special Term's order denying class action certification must be affirmed. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.