OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.
*981 In a prior motion to dismiss the causes of action based upon General Business Law § 349 (h), defendant argued that a class action was not maintainable, even for actual damages, because under CPLR 901 (b) the representative plaintiff would be required to waive the class members’ right to seek a penalty or the statutorily prescribed minimum damages (General Business Law § 349 [h]; see, e.g., Klapak v Pappas, 79 AD2d 602). Although the trial court at that time denied both defendant’s motion and plaintiff’s cross motion for an order certifying a class action, it expressly rejected defendant’s argument, holding that plaintiff was entitled to seek class relief if certain conditions not relevant here were satisfied. On defendant’s appeal, the Appellate Division affirmed the trial court’s order, without opinion.
Plaintiff’s renewed motion for an order allowing the class action was subsequently denied by the trial court on the ground that the cost of identifying and notifying the class members would be unduly burdensome to defendant. On plaintiff’s appeal, the Appellate Division disagreed with this conclusion and reversed, permitting the action to be prosecuted in the form of a class action. Thereafter, the Appellate Division granted defendant leave to appeal to this court, certifying the following question: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?”
Defendant’s contention that, as a matter of law, a class action for actual damages under General Business Law § 349 may not be maintained was determined against it by the prior nonfinal Appellate Division order. The correctness of that prior order is not reviewable in this appeal from a second nonfinal Appellate Division order, even though the former may have necessarily affected the latter (see, CPLR 5501 [a] [1]). Thus, the only question before us is whether, assuming a class action is available, the Appellate Division abused its discretion in permitting this action to proceed in that form (see, Herrick v Second Cuthouse, 64 NY2d 692, 693; Brady v Ottaway Newspapers, 63 NY2d 1031, 1032-1033).
We conclude that there was no abuse of discretion here. The Appellate Division weighed all of the relevant factors (CPLR 901, 902) and, in contrast to the trial court, found that prosecution of the claims in class action form was "superior to *982 other available methods for the fair and efficient adjudication of the controversy” (CPLR 901 [a] [5]). We see no reason to disturb that inherently discretionary determination.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Kaye taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, etc.