[618 NYS2d 789]

In the Matter of STEVEN LYONS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 22, 1994

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Cyrus D. Mehta* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Steven Lyons, was admitted to the practice of law in New York by the Second Judicial Department on

November 17, 1982. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On or about September 29, 1993 respondent pleaded guilty in the United States District Court for the District of Alaska to one count of filing a false application with the Department of Immigration and Naturalization Service (INS) (Count 30), in violation of 8 USC § 1255a (c) (6), which constitutes a felony under the United States Code. Respondent has not yet been sentenced. Respondent admitted in his plea allocution that he submitted an application to the INS reflecting that his client resided in Alaska when he knew this was false.

By petition dated January 3, 1994, the Departmental Disciplinary Committee (the Committee) seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent has been automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed within New York. The Committee states that respondent's conduct as reflected in his Federal conviction would constitute a violation of New York State Penal Law § 175.35, offering a false instrument for filing in the first degree, a class "E" felony. The Committee asserts that respondent filed with a government agency a written instrument knowing it was false and with intent to defraud the INS and knowing it would become part of the INS's records. Thus, the Committee concludes that the offense of which respondent was convicted is "essentially similar" to a New York felony and a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a). The Committee further maintains that although respondent has not been sentenced, his guilty plea is a sufficient predicate for this petition.

In a cross motion dated March 2, 1994 respondent contends that there is no corresponding felony to 8 USC § 1255a (c) (6) under New York law and that thus, this matter should be considered as a "serious crime" proceeding pursuant to Judiciary Law § 90 (4) (d) and referred for a hearing.

He further argues that, because section 1255a (c) (6) is a penalty component of uniquely Federal legislation legalizing the status of aliens in the United States, there can be no equivalent New York law and that thus the filing of a false statement in connection with an amnesty application pursuant to section 1255a is not analogous to filing a false state-

ment in violation of New York State Penal Law § 175.35, offering a false instrument for filing. Thus, it is argued, respondent's offense was not essentially similar to a New York felony and was not a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (a). A felony in another jurisdiction, however, "need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity" for it to come within the definition of Judiciary Law § 90 (4) (e) and constitute a predicate for the operation of section 90 (4) (a) *(Matter of Margiotta,* 60 NY2d 147, 150). Section 1255a (c) (6) punishes one who files an application for adjustment of status "and knowingly and willfully falsifies, misrepresents, conceals, or covers up a material fact or makes any false, fictitious, or fraudulent statements or representations". New York Penal Law § 175.35 makes it a crime when a person "knowing that a written instrument contains a false statement or false information * * * offers or presents it to a public office or public servant" for filing. Clearly the two statutes are essentially similar. The essence of each is knowingly filing a false written statement with a public office.

Respondent claims that he withdrew the false application before the alien was interviewed and thus was guilty only of an attempt to file a false application. He did not, however, plead guilty to only an attempt. The certificate of his conviction of the *violation* of 8 USC § 1255a (c) (6) precludes such challenges to the conviction (Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [c]). The withdrawal of the application before the alien benefited from the falsification does not affect the fact that the false application was made; the certified conviction precludes a challenge to the conviction on that score also. The felony conviction calls for automatic disbarment upon entry of the plea; the timing of the sentence is not important *(Matter of Kourland,* 172 AD2d 77; *Matter of David,* 145 AD2d 150).

Accordingly, respondent's cross motion for an order determining that the crime of which he has been convicted is a "serious crime" and referring this matter to the Committee for a hearing, should be denied in its entirety and the Committee's petition should be granted and respondent's name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

WALLACH, J. P., ROSS, RUBIN, NARDELLI and WILLIAMS, JJ., concur.

The petition is granted, and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York forthwith, and respondent's cross motion for an order, *inter alia,* converting this matter to a "serious crime" proceeding, is denied in its entirety.