OPINION OF THE COURT
Joan B. Lefkowitz, J.
BACKGROUND
In a separate action (Zehnder v Ginsburg & Ginsburg, Sup Ct, Westchester County, index No. 10505/93) plaintiffs therein (Mr. and Mrs. Zehnder and their infant daughter) sued numerous defendants for damages caused by fire to their condominium unit. Plaintiffs purchased a newly constructed residential condominium unit from Boulder Ridge Condominium Corp. in October 1989 for $451,720. In April 1991, plaintiffs’ unit was damaged by fire. An investigation purportedly uncovered a latent defect in the fireplace which was allegedly misaligned as well as other claimed construction defects. Plaintiffs further ascertained that the loft area, which exists in all of the 149 condominium units, was actually a third story under the State Building Code but did not comply with applicable fire standards. Plaintiffs therein commenced an action in or about June 1993 to recover damages caused by the fire, asserting two causes of action for damages for emotional distress and for interference with disposition of insurance funds and for breach of warranties of fitness and habitability.
On a motion for summary judgment in that action, plaintiffs offered proof that a loft area in the condominium unit owned by them constituted a third story in violation of the State Building Code. Plaintiffs, in support thereof, offered an opinion of the Director of Housing and Building Codes Bureau of the Division of Housing and Community Renewal. Defendants, in turn, offered affidavits from their experts that the loft was not a third story and was not in violation of the State Building Code. The court on March 4, 1996 denied the motion for summary judgment. It also granted a cross motion by defendant Reiffman & Blum, alleged engineers of record on the project, for summary judgment dismissing the complaint as to it on the ground that it was not the engineer of record and had not breached any common-law duty to plaintiffs. A motion for re-argument was denied. Plaintiffs have appealed to the Appel *59 late Division, Second Department, from the denial of summary judgment. The appeal was argued on February 9, 1997. The sole issue presented on appeal was the correctness of this court’s order insofar as it found that a triable issue of fact exists whether the loft area was an illegal third story in violation of the State Building Code.
Subsequent to the commencement of the aforesaid action and prior to a decision on the motion for summary judgment therein, plaintiffs herein (Mr. and Mrs. Zehnder) commenced the instant putative class action on January 16, 1996 against some of the same defendants in the prior action. All defendants have answered with one defendant having been granted an extension to answer until October 30, 1996 (and thereafter serving the answer in Nov. 1996). By motion mailed December 30, 1996 and received by the Court Clerk’s office on January 2, 1997, plaintiffs have moved to certify the class.
The complaint consists of negligence claims, warranty and implied warranty claims, either a negligent misrepresentation or fraud claim (sixth count), violation of statute and regulatory claims and a claim for punitive damages. Plaintiff states that approximately 150 (actual number is 149) units of the condominium (all the units are built and apparently occupied) are involved and the class is estimated at not less than 400 members.
[The court held that the motion for class certification was timely as it was made within 60 days after the time to serve a responsive pleading on behalf of the last defendant was due. (CPLR 902.) Precertification discovery was denied. The court also found that plaintiffs had established their financial ability to carry the class action to conclusion. Additionally, the court held that common questions of law and fact predominated over individual questions even as to the fraud cause of action.]
CLASS ACTION BARRED UNDER CPLR 901 (b)
Defendants also contend that plaintiffs have alleged unspecified violations of statutes and regulations in the complaint which may not be allowed in a class action under CPLR 901 (b). That section provides: "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action”. (CPLR 901 [b].) Defendants argue that plaintiffs’ claims under section 777-a of the General Business Law for a housing *60 merchant implied warranty establishes a minimum measure of damages in subdivision (4) (b). That subdivision, insofar as is pertinent, provides: "The measure of damages shall be the reasonable cost of repair or replacement and property damage to the home proximately caused by the breach of warranty, not to exceed the replacement cost of the home exclusive of the value of the land, unless the court finds that, under the circumstances, the diminution in value of the home caused by the defect is a more equitable measure of damages”. (General Business Law § 777-a [4] [b].) The statutory implied housing warranty applies to condominiums in residential structures of five stories or less. (General Business Law § 777 [5]; also see, Annotation, Liability of Vendor of Condominiums for Damage Occasioned by Defective Condition Thereof, 50 ALR3d 1071.)
Plaintiffs do not argue that part of their implied warranty claims are not premised upon section 777-a of the General Business Law (although, as noted, no specific statutes or sections are set forth in the complaint); rather, they contend that section 777-a does not create a minimum measure of recovery and, therefore, the implied warranty claims are not barred under CPLR 901 (b).
Pruitt v Rockefeller Ctr. Props. (167 AD2d 14) instructs us that where a statute provides for damages compensatory in nature, does not create a remedy and is virtually identical to common-law relief, it is not one to recover a penalty or a minimum measure of recovery and is not barred by CPLR 901 (b).
In my decision in the previously commenced action, I noted that plaintiffs’ implied warranty housing merchant claims could be treated as common-law claims (Caceci v Di Canio Constr. Corp, 72 NY2d 52 [1988]) or statutory. (See, Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law § 777, at 561-563.) The measure of damages set forth in subdivision (4) (b) of section 777-a of the General Business Law merely restates the rule at common law. (Kaufman v Le Curt Constr. Corp., 196 AD2d 577 [2d Dept 1993]; Annotation, Modern Status of Rule as to Whether Cost of Correction or Difference in Value of Structures is Proper Measure of Damages for Breach of Construction Contract, 41 ALR4th 131; Annotation, Cost of Correction or Completion, or Difference in Value, as Measure of Damages for Breach of Construction Contract, 76 ALR2d 805; Annotation, Liability of Builder-Vendor or Other Vendor of New Dwelling for Loss, Injury, or Damage Occasioned by Defective Condition Thereof, 25 ALR3d 383; 36 NY Jur 2d, Damages, § 51; cf., Caceci v Di Canio Con *61 str. Corp., supra, 72 NY2d, at 56, 61.) The Court of Appeals has characterized enactment of article 36-B of the General Business Law (§§ 777-777-b), which occurred shortly after the decision in Caceci (supra) wherein the common-law implied housing warranty was recognized, as a "codification” of its holding. (Matter of Roberts Real Estate v New York State Dept. of State, Div. of Licensing Servs., 80 NY2d 116, 122 [1992].)
 Accordingly, it is concluded that since plaintiffs seek no more relief on the implied warranty claims than they would be entitled to under common law, the putative statutory claim pursuant to General Business Law § 777-a (4) (b) does not create a penalty or minimum measure of damages that would bar such claims from class action certification. (See, Matter of Knapp v Michaux, 55 AD2d 1025; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 901.22; 3A Carmody-Wait 2d, NY Prac § 19:230.) It should be observed that plaintiffs’ separate claim for punitive damages (eighth count in complaint), while not cognizable as a separately pleaded cause of action (Van Caloen v Poglinco, 214 AD2d 555 [2d Dept 1995]; Bishop v Bostick, 141 AD2d 487 [2d Dept 1988]; 36 NY Jur 2d, Damages, § 189), could result in the award of such damages. (36 NY Jur 2d, Damages, §§ 175-179; Annotation, Recovery of Punitive Damages for Breach of Building or Construction Contract, 40 ALR4th 110.) Punitive damages are penal in nature (Klapak v Pappas, 79 AD2d 602 [2d Dept 1980]; 36 NY Jur 2d, Damages, § 173; 1A NY PJI3d 2:278, at 1045) but plaintiffs are not seeking such damages under a statute that creates the penalty and, therefore, the request for that relief does not bar class action certification. (Cf., Klapak v Pappas, supra.) In Friar v Vanguard Holding Corp. (78 AD2d 83, 90) the Appellate Division, Second Department, dismissed the separately stated cause of action of punitive damages with leave to amend the prayer for relief in the complaint. Since motions to amend pleadings must be freely given (CPLR 3025 [b]), rather than require a motion that would undoubtedly be granted, with later service of supplemental pleadings (CPLR 3025 [d]), needlessly incurring additional expense and wasting the time of counsel and the court, the eighth count is dismissed and the wherefore clause deemed amended to request punitive damages. (CPLR 2001; see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18 [1981] [oral motion at hearing to assess damages to increase ad damnum clause to conform pleadings to the proof should be granted in the absence of prejudice]; Cranston v Oxford Resources Corp., 173 AD2d 757 [2d Dept 1991], lv denied 78 NY2d 860 [1991] [mid- *62 trial motion to increase ad damnum clause granted]; CPLR 907 [6]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 907.07.)
[The court discussed the Statute of Limitations defenses and held that their existence did not bar the class action. The court also reviewed the considerations set forth in CPLR 902.]
CONCLUSION
For the foregoing reasons the motion to certify the class action is granted.
[Portions of opinion omitted for purposes of publication.]