■ Dunbar Partners L.P. et al., Appellants, v Linda Landon, Respondent. [717 NYS2d 520] —Order, Supreme Court, New York County (Louis York, J.), entered March 24, 2000, which, in an action by plaintiff landlord against defendant tenant for, *inter alia,* vacatur of a money judgment enforcing a Division of Housing and Community Renewal (DHCR) rent overcharge order, granted plaintiff's motion summarily seeking such relief only to the extent of determining that plaintiff is entitled to a reduction of the judgment for any rent arrears, and directed a reference on the issue of the amount of such arrears, unanimously modified, on the law, to determine that plaintiff is entitled to an additional reduction for any rent payments not paid by defendant personally but by the New York City Housing Authority and/or Human Resources Administration, and to direct that the reference include the issue of the amount of the overcharge allocable to rent payments made by such agencies, and otherwise affirmed, without costs.

The rent overcharge reflected in the DHCR order is owed either to the City Housing Authority or Human Resources Administration, to the extent such agencies paid defendant's rent as a form of public assistance. Clearly, rent payments that defendant did not make should not be returned to her (*cf., Matter of Verbal v Perales,* 176 AD2d 805, 807). Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.

■ In the Matter of Steven Lyons, a Disbarred Attorney. [718 NYS2d 815] —Motion granted and this Court's order entered on November 22, 1994 (205 AD2d 239) and the Opinion Per Curiam issued therewith vacated and petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof, the underlying criminal conviction having been vacated and the charge dismissed (*United States v Steven Lyons* [Case No. A92-174Cr]). No opinion. Concur—Nardelli, J. P., Williams, Mazzarelli, Wallach and Rubin, JJ.