[749 NYS2d 528]

In the Matter of RICHARD J. CALLE (Admitted as RICHARD JOHN CALLE), a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 12, 2002

#### APPEARANCES OF COUNSEL

*Eileen J. Shields* (*Thomas J. Cahill,* attorney), for petitioner.
*Thomas F.X. Dunn* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Richard J. Calle was admitted to the practice of law in the State of New York by the Second Judicial Department on March 23, 1977 as Richard John Calle and at all times rele-

vant to this proceeding has maintained an office for the practice of law in the First Judicial Department. Respondent was charged with conspiracy to defraud by the use of United States mails and radio communication in interstate commerce (18 USC §§ 1341, 1343, 371, 3551 *et seq.*), scheme to defraud and obtain money and property under false and fraudulent pretenses (18 USC §§ 1341, 3551 *et seq.*) and obstruction of justice by giving false, evasive and misleading information in response to a grand jury subpoena (18 USC §§ 1503, 3551 *et seq.*) in a seven-count superceding indictment filed in the United States District Court for the Eastern District of New York.

The underlying grand jury investigation involved the operations of CBS Carbuyers, a business that purchased used automobiles from consumers and resold them to automobile wholesalers and dealerships. The indictment alleged that respondent was a principal and active manager of the corporation. Many of the automobiles allegedly were purchased with postdated checks, with respondent and coconspirators allegedly knowing that there were insufficient funds to cover the checks, many checks were dishonored and payment was never made. When the grand jury investigation commenced, respondent allegedly made false representations in connection with a subpoena and allegedly concealed the existence or whereabouts of relevant documents. He also allegedly made additional misrepresentations to the grand jury in response to the various allegations in the indictment. Respondent was convicted after a jury trial of obstruction of justice, a felony, under count seven of the indictment, and mail fraud, a felony, under the first count, and was sentenced on May 10, 2002, to 22 months incarceration, a fine of $4,000 and three years of supervised release.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the basis that he was automatically disbarred upon his conviction of a felony offense (*see* Judiciary Law § 90 [4] [a], [e]. The federal felony offense obstruction of justice is essentially similar to the New York felony offense offering a false instrument for filing in the first degree, a class E felony (Penal Law § 175.35; *see Matter of Baum*, 258 AD2d 83; *Matter of Sprecher*, 181 AD2d 347). Although respondent notes his intent to take an appeal from that conviction, the conviction presently provides dispositive proof of his guilt, and if it is overturned on appeal, he may seek vacatur of the present order (*Matter of Lyons*, 277 AD2d 129).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys.

TOM, J.P., MAZZARELLI, SAXE, FRIEDMAN and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York.