[832 NE2d 1174, 799 NYS2d 758]

PARVIZ ROBERT MOHASSEL, Respondent, v LILA FENWICK, Appellant.

Argued May 5, 2005; decided June 16, 2005

## POINTS OF COUNSEL

*Ivan S. Feldman,* New York City, for appellant. I. Prejudgment interest cannot be charged against a landlord (defendant-appellant) after a Division of Housing and Community Renewal treble damages award for rent overcharges. (*Davis v Waidmann Realty Corp.,* 223 AD2d 453; *Abend v Argo Corp.,* 208 AD2d 476, 85 NY2d 882; *H & P Research, Inc. v Liza Realty Corp.,*

943 F Supp 328; *Negron v Goldman,* 195 Misc 2d 425; *Gersten v Levin,* 150 Misc 2d 594; *Purpura v Purpura,* 261 AD2d 595, 94 NY2d 850.) II. It is a violation of due process or equal protection under the law for an administrative statute or regulation or the enforcement thereof, in this case Division of Housing and Community Renewal rent overcharge matters, not to specify a statute of limitations or establish a laches period after which time a judgment cannot be entered. (*Feldman v New York City Tr. Auth.,* 171 AD2d 473; *Matter of Barabash,* 31 NY2d 76; *Matter of Lukin v New York State Div. of Hous. & Community Renewal,* 264 AD2d 341; *Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 161 AD2d 279.) III. One cotenant (plaintiff-respondent) cannot get the benefit of a full Division of Housing and Community Renewal (DHCR) award that the DHCR had a duty, by law, to apportion between all cotenants and failed or neglected to do so and/or which award said cotenant knew or should have known did not fully belong to him; and this Court cannot permit entry of the resulting erroneous judgment or deny the landlord (defendant-appellant) the right to seek to overturn or modify said judgment. (*Matter of Hoston v New York State Dept. of Health,* 203 AD2d 826, 84 NY2d 803; *Baker v Board of Educ., Hoosick Falls Cent. School Dist.,* 3 AD3d 678; *Davidson Pipe Supply Co. v Wyoming County Indus. Dev. Agency,* 156 Misc 2d 989, 196 AD2d 240, 85 NY2d 281; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Jemrock Realty Co. v Roldan,* 256 AD2d 122, 89 NY2d 804; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *Ryan v New York Tel. Co.,* 62 NY2d 494.)

*Beranbaum Menken Ben-Asher & Bierman LLP,* New York City (*Mark H. Bierman* of counsel), for respondent. I. The sole issue that this Court should address within its proper constitutional authority is whether the Appellate Division's modification of the Supreme Court's order reinstating interest from the date of the final agency order to the date of the judgment was correct. (*Price v Price,* 69 NY2d 8; *Mohrmann v Kob,* 291 NY 181.) II. This Court should certify in the affirmative the question of the Appellate Division as to whether it properly modified the order of the Supreme Court by reinstating prejudgment interest for the period from the final agency order until entry of the judgment, and requiring that postjudgment interest be included. (*Abend v Argo Corp.,* 208 AD2d 476, 85 NY2d 882; *Davis v Waidmann Realty Corp.,* 223 AD2d 453; *Love v State of New York,* 78 NY2d 540; *Matter of Aurecchione v New York State*

*Div. of Human Rights,* 98 NY2d 21; *Spodek v Park Prop. Dev. Assoc.,* 96 NY2d 577; *J.B. Preston Co. v Funkhouser,* 261 NY 140; *Miner v City of Glens Falls,* 999 F2d 655; *McMahon v New York & Erie R.R. Co.,* 20 NY 463; *Matter of State Div. of Human Rights v Gissha White Plains Corp.,* 107 AD2d 750; *Matter of Lian [First Asset Mgt.],* 273 AD2d 163.) III. This Court should certify in the affirmative the question of the Appellate Division as to whether it properly modified the order of the Supreme Court by reinstating interest from the date that the first judgment was entered to the date of the amended judgment. (*Majid v Commissioner of Social Servs.,* 244 AD2d 187; *Purpura v Purpura,* 261 AD2d 595, 94 NY2d 850.) IV. Defendant's constitutional arguments are not properly raised on this appeal and are entirely without merit. (*Tumolillo v Tumolillo,* 51 NY2d 790; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Matter of Jemrock Realty Co. v Roldan,* 256 AD2d 122; *Matter of Plaza Realty Invs. v Aponte,* 198 AD2d 164; *Matter of David Frankel Realty Co. v New York State Div. of Hous. & Community Renewal,* 176 AD2d 617, 79 NY2d 754; *Matter of Sea New Rochelle Assoc. v State of N.Y. Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 140 AD2d 610; *Melahn v Hearn,* 60 NY2d 944; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *O'Brien v City of Syracuse,* 54 NY2d 353; *Matter of McGee v Korman,* 70 NY2d 225.) V. Defendant lacks standing to challenge a judgment entered in the amount stated in a final agency award on the ground that it does not include a second individual, and defendant is otherwise barred from raising that argument. (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Tennessee Power Co. v Tennessee Val. Auth.,* 306 US 118; *Association of Data Processing Serv. Orgs., Inc. v Camp,* 397 US 150; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6; *Schlesinger v Reservists Comm. to Stop the War,* 418 US 208; *Cuomo v Long Is. Light. Co.,* 71 NY2d 349; *Becarie v Union Bank of Switzerland,* 272 AD2d 162.)

## OPINION OF THE COURT

GRAFFEO, J.

In this rent overcharge proceeding, the issue is whether a rent stabilized tenant was properly granted prejudgment interest on a treble damages award. We conclude that he was.

In 1984, Parviz Robert Mohassel commenced a rent overcharge proceeding with the Division of Housing and Community Renewal (DHCR) relating to his Manhattan apartment, alleging that building owner Lila Fenwick was collecting rent in excess

of that authorized under the New York City Rent Stabilization Law. A cotenant was also named in the petition. After the owner failed to comply with repeated agency requests for rent history documentation, in November 1989 the Rent Administrator issued a decision finding a rent overcharge in the amount of approximately $300 per month between 1984 and 1989, totaling $26,106.72. Because the violation was determined to be willful, the tenant was granted treble damages. Taking into account the treble damages award plus other related overcharges, the Rent Administrator ruled that Fenwick owed Mohassel $81,303.53. There was no reference to the cotenant in the Rent Administrator's decision.

The owner challenged the award in an administrative appeal to DHCR by filing a petition for administrative review (PAR). In March 1997, DHCR upheld the Rent Administrator's decision and noted that the tenant was entitled to interest on the overcharge award from the date of the Rent Administrator's decision to the date of the DHCR determination.

Unsuccessful before the administrative agency, the owner commenced a CPLR article 78 proceeding against DHCR without naming the tenant as a party respondent. The article 78 petition was denied on the merits in May 1998. The owner apparently filed a notice of appeal but the appeal was never perfected.

In October 2001, DHCR notified the tenant that the owner's judicial challenge to the overcharge determination had been denied, forwarding a "Notice of Rent Stabilized Tenant Concerning Payment of Penalties Which Landlord Has Been Directed to Pay By An Administrator's Order." The notice advised the tenant of two options for collecting the rent overcharge: a deduction could be made from future monthly rent payments in an amount no greater than 20% of the overcharge or a judgment could be obtained against the owner by filing a notice with the County Clerk. Because Mohassel no longer resided in an apartment owned by Fenwick, his only available option was to obtain a judgment. Thus, Mohassel filed the necessary documentation with the County Clerk and a judgment was entered against Fenwick in April 2002. In the judgment, the clerk calculated prejudgment interest on the $81,303.53 overcharge from the date of the Rent Administrator's decision to the date of entry of the judgment. With interest, the judgment totaled $172,238.74.

Soon after entry of the judgment, the owner brought this CPLR 5015 motion to vacate the judgment in Supreme Court, obtaining a stay of enforcement pending the proceeding. Fenwick argued that Mohassel was not entitled to the full judgment because the overcharge proceeding had been initiated in the name of Mohassel and a cotenant, contending that Mohassel's attempt to collect the entire overcharge himself amounted to "fraud." She also alleged that the judgment should be vacated under the equitable doctrine of laches due to the tenant's failure to enter it within a reasonable time period. Finally, she asserted that the tenant was not entitled to prejudgment interest on the rent overcharge because such interest is not appropriate when treble damages are awarded.

Supreme Court rejected the fraud and laches arguments and declined to vacate the judgment but concluded that the interest award should be reduced, although not on the grounds asserted by the owner. Noting that the DHCR determination explicitly directed interest from the date of the Rent Administrator's decision to the issuance of the determination, Supreme Court concluded that the tenant was not entitled to interest thereafter. In other words, Supreme Court interpreted DHCR's silence on the question of postdetermination interest as precluding such an award. The court therefore directed that the judgment be recalculated to delete the interest award covering the period from March 1997 to April 2002, and an amended judgment was entered.

On appeal, the Appellate Division modified by reinstating the original judgment.[1] The Court noted that the tenant was entitled to postdetermination interest under the Rent Stabilization Law, declining to interpret DHCR's failure to address postdetermination interest as a finding that such interest was not warranted. The Appellate Division granted the owner leave to appeal to this Court and we now affirm.[2]

---

**1.** The Appellate Division also clarified that the tenant was entitled to postjudgment interest during the pendency of the appeal. The owner has not contested the propriety of postjudgment interest and it is clearly authorized under the rent stabilization scheme (see Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a] [5]; 9 NYCRR 2526.1 [e]) and CPLR 5003.

**2.** In granting leave, the Appellate Division certified the question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?" The tenant contends that this was a limited certification, authorizing this Court to review only the propriety of the appellate court's

Although the owner raises a number of issues on appeal, we begin with the question of whether the tenant was entitled to prejudgment interest on the treble damages award. Our decision is informed by Rent Stabilization Law § 26-516 (a) and the regulations promulgated thereunder. Although section 26-516 (a) has been amended since the Rent Administrator issued its 1989 decision, the amendments have not substantively altered the provisions addressing prejudgment interest on rent overcharge awards. Under section 26-516 (a), if DHCR finds that an owner has collected rent in excess of that authorized by statute, the owner "shall be liable to the tenant for a penalty equal to three times the amount of such overcharge," unless the owner demonstrates that the overcharge was not willful. In the absence of willfulness, DHCR "shall establish the penalty as the amount of the overcharge plus interest" (Rent Stabilization Law § 26-516 [a]). The implementing regulation similarly authorizes either a treble damages award on the overcharge or interest "from the date of the first overcharge . . . at the rate of interest payable on a judgment pursuant to section 5004 of the [CPLR]" (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]). In addition, Rent Stabilization Law § 26-516 (a) (4) states that an owner who is found to have overcharged rent "may be assessed the reasonable costs and attorney's fees of the proceeding and interest from the date of the overcharge at the rate of interest payable on a judgment pursuant to section five thousand four of the [CPLR]."

■ These provisions are designed to discourage violations of the Rent Stabilization Law and, where a violation occurs, to compensate the tenant, particularly when the violation is willful. Interest on a rent overcharge award is generally authorized from the date of the initial monthly overpayment, except when treble damages are warranted. In those circumstances, treble damages are imposed in lieu of interest from the date of the monthly overcharge to the date of the Rent Administrator's decision. But nothing in the rent stabilization scheme restricts the grant of interest from the date of the Rent Administrator's decision forward. To the contrary, section 26-516 (a) (4) is open-ended, authorizing an interest award equivalent to that imposed in a civil action (*see* CPLR 5002, 5003).

Here, after determining that the owner's conduct was willful, the Rent Administrator imposed treble damages and did not

interest modification. We interpret the question as broadly certifying the entire case to this Court for review.

grant the tenant interest from the date of each monthly rent overpayment. Because no interest was awarded for the five-year period prior to the Rent Administrator's 1989 decision, the interest calculation in the original judgment was in accord with Rent Stabilization Law § 26-516 (a) and 9 NYCRR 2526.1 (a) (1).

The owner does not dispute that prejudgment interest is authorized when there is no treble damages award but asserts that, even though more than 15 years have elapsed and the tenant has yet to collect any of the rent he overpaid, the 1989 treble damages order in this case forever prohibited subsequent prejudgment interest. We are unpersuaded. To interpret the Rent Stabilization Law as the owner suggests—authorizing prejudgment interest in cases where treble damages are not awarded (because the overcharge was not willful) but precluding it when the overcharge was willful—would turn the statutory scheme on its head, allowing willful violators to delay paying meritorious claims while enjoying interest-free use of tenants' money. Such an analysis would be inconsistent with the purpose of overcharge proceedings to fully compensate tenants when owners fail to comply with rent stabilization requirements, especially when noncompliance is willful. The imposition of prejudgment interest ensures that injured tenants will be made whole and encourages both willful and nonwillful violators to make prompt repayment.

The owner also argues that the prejudgment interest award should be vacated because it punishes her for the delay in entry of the judgment, which she attributes to DHCR's failure to timely resolve the administrative appeal[3] and the tenant's failure to timely enter a judgment. This contention misapprehends the purpose of interest in the context of a lump sum compensatory damages award against a private party.

> "Specifically, interest is not a punishment arbitrarily
> levied upon a culpable party. Instead, an award of
> interest is simply a means of indemnifying an ag-
> grieved person. It represents the cost of having the
> use of another person's money for a specified peri-
> od" (*Matter of Aurecchione v New York State Div. of*

---

3. As noted in *Matter of Gilman v New York State Div. of Hous. & Community Renewal* (99 NY2d 144, 152 n 1 [2002] [Graffeo, J., dissenting]), during the period this administrative appeal was pending, DHCR had a substantial backlog of cases.

*Human Rights*, 98 NY2d 21, 27 [2002] [citation and internal quotation marks omitted]).

As of November 1989, the owner owed the tenant $81,303.53. Instead of paying the tenant at that time, the owner pursued an administrative appeal and a judicial challenge, both of which were unsuccessful. Although the owner was certainly entitled to chart this course, the fact remains that she had the use of the tenant's money during this time period while the tenant was deprived of it. The owner,

> "has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand during the pendency of the litigation. There is thus nothing unfair about requiring the [owner] to pay over this 'profit' in the form of interest to the . . . party who was entitled to the funds from the date . . . liability was fixed" (*Love v State of New York*, 78 NY2d 540, 545 [1991]).

This rationale applies regardless of whether the delay was attributable to the party who had use of the money. For example, in *Aurecchione*, we rejected the notion that an agency's 11-year administrative delay in resolving a controversy between an employee and a private employer relieved the employer of its obligation to pay predetermination interest on a back pay award.

Although the owner claims that the tenant was guilty of laches for failing to enter the judgment at an earlier point in the process, that argument finds no support in the record. Mohassel sought entry of the judgment within six months of being informed by DHCR that the article 78 challenge had concluded. Since he was not a party to the judicial proceeding, the tenant cannot be faulted for awaiting word from DHCR before obtaining a judgment. Indeed, the tenant's conduct was consistent with DHCR's written instructions, which indicate that a judgment should not be filed until DHCR certifies "that the owner has not filed a PAR or a proceeding for judicial review, or, if filed, that those proceedings have concluded." (DHCR Fact Sheet No. 16, Collecting Overcharges in Rent Stabilized Apartments in New York City.) Under these circumstances, the courts below properly rejected the owner's laches claim.

In sum, nothing in the governing rent stabilization provisions prohibited the grant of prejudgment interest in this case. We agree with the Appellate Division's conclusion that DHCR's

silence on the question of postdetermination interest should not have been interpreted as precluding it. DHCR's failure to address the issue in its March 1997 determination is understandable since it had no reason to presume that the owner would commence a judicial proceeding rather than paying what was owed at that time. Had the owner repaid the tenant when the administrative appeal was denied, there would have been no occasion for postdetermination interest.

■ None of the owner's remaining arguments are reviewable in this Court. Fenwick's due process claim that the statutory scheme is flawed because it fails to restrict the time frame for entry of a judgment on an overcharge award is unpreserved for review because she failed to raise the issue in Supreme Court. The argument that DHCR erred, or that Mohassel engaged in fraud, when the overcharge award was granted in Mohassel's name alone without joinder of the cotenant should have been asserted in the administrative appeal from the Rent Administrator's decision—at a time when the underlying circumstances could have been explored and any apportionment error timely corrected.[4]

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed, etc.

---

4. The record does not reveal why the cotenant was not named in the Rent Administrator's decision. While the cotenant is named on the lease for the relevant time frame, rent registration documents suggest that she may not have resided in the apartment in 1986, 1987, 1988, or 1989. Mohassel vacated the apartment in late 1989, which marked the end of the overcharge period reflected in this judgment. At oral argument, his counsel asserted that Mohassel and the cotenant were a married couple who separated and later divorced. Counsel further represented that Mohassel had paid all the overcharged rent. Had the owner timely raised the issue before DHCR, these facts could have been clarified and made part of the administrative record.