(April 25, 2013)

■ YANELLA GUDZ, Respondent, v JEMROCK REALTY COMPANY, LLC, Appellant. [964 NYS2d 118]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 26, 2011, which, upon reargument, adhered to a prior order, same court and Justice, entered June 20, 2011, granting plaintiff's motion for class certification, affirmed, without costs. Appeal from the prior order, dismissed, without costs, as academic.

Plaintiff's rent overcharge claim did not seek a "penalty" within the meaning of CPLR 901 (b), because she waived her right to treble damages under Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a). The waiver was effective, since, unlike the mandatory penalty provided under the Donnelly Act (General Business Law § 340 [5]; *see Asher v Abbott Labs.*, 290 AD2d 208 [1st Dept 2002], *lv dismissed* 98 NY2d 728 [2002]), treble damages are not the sole measure of recovery, and an owner found to have overcharged may submit evidence to overcome the statutory presumption of willfulness (*see Downing v First Lenox Terrace Assoc.*, 105 AD3d —, 2013 NY Slip Op 02853 [1st Dept 2013], *and Borden v 400*

*E. 55th St. Assoc., L.P.*, 105 AD3d 630 [1st Dept 2013] [decided simultaneously herewith]).

Although plaintiff did not waive her right to reimbursement for alleged overcharges and interest, these claims did not render her action an action for a penalty for purposes of CPLR 901 (b), even though such recovery is denominated a penalty by the RSL, because they lack a punitive, deterrent and litigation-incentivizing purpose (*see Sperry v Crompton Corp.*, 8 NY3d 204, 212-213 [2007]) and are, in fact, compensatory (*see Mohassel v Fenwick*, 5 NY3d 44, 50-51 [2005]).

Nor did the attorneys' fees request seek a penalty, as the general right to attorneys' fees in landlord-tenant proceedings (Real Property Law § 234) does not apply to administrative proceedings (*see Matter of Blair v New York State Div. of Hous. & Community Renewal*, 96 AD3d 687 [1st Dept 2012]), and the RSL provision should be understood as having the same nonpunitive purpose as the statute applicable to actions and summary proceedings. Notably, the reference in Rent Stabilization Code (9 NYCRR) § 2526.1 (d) to attorneys' fees as an "additional penalty," while otherwise not dispositive, is absent from the attorney fee provision in the legislatively enacted RSL.

Interpreting the requirements of the class action statute liberally, as we must (*see City of New York v Maul*, 14 NY3d 499, 509 [2010]), we agree with the motion that those requirements were satisfied. We reject defendant's contention that plaintiff was required to provide an affidavit focused solely on her financial ability to adequately represent the class, which was adequately shown by counsel's assumption of the risk of costs and expenses in the litigation.

We have considered defendant's other contentions and find them unavailing. Concur—Tom, J.P., Sweeny and Gische, JJ.

Moskowitz and Manzanet-Daniels, JJ., dissent in a memorandum by Manzanet-Daniels, J., as follows: This appeal requires us to consider what constitutes a "penalty" for purposes of the class action statute, CPLR 901 (b), and whether a putative class representative may waive such penalty and still be deemed an adequate class representative.

CPLR 901 (b) expressly provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute *may not be maintained as a class action*" (emphasis added). CPLR 901 (b) thus precludes the maintenance of a class action seeking a penalty.

An award of treble damages under the Rent Stabilization Law

of 1969 (RSL) clearly constitutes a "penalty." For one, such a recovery is denominated a penalty by the RSL (*compare Bogartz v Astor*, 293 NY 563 [1944] [double payment recoverable under Workers' Compensation Law not a penalty because the statute referred to "double compensation"]). RSL (Administrative Code of City of NY) § 26-516 (a) states that if DHCR finds that an owner has collected rent in excess of that authorized by the statute, the owner "shall be liable to the tenant for a penalty equal to three times the amount of such overcharge."

While one third of the award constitutes compensation for actual damages, the remaining two-thirds serves to punish the defendant on account of the willfulness of the violation, acting as a deterrent (*see Sperry v Crompton Corp.*, 8 NY3d 204, 212-213 [2007]). As noted by the Court of Appeals, "These provisions are designed to discourage violations of the Rent Stabilization Law" (*Mohassel v Fenwick*, 5 NY3d 44, 50 [2005]).

Since the enactment of RSL § 26-516 (a) postdates that of CPLR 901 (b), we must assume that the legislature was aware that by denominating the treble damages award a "penalty" it was foreclosing the maintenance of a class action suit (*see Sperry*, 8 NY3d at 212-213; *Asher v Abbott Labs.*, 290 AD2d 208 [1st Dept 2002], *lv dismissed* 98 NY2d 728 [2002]).

The majority reasons that the statute does not impose a penalty because treble damages are not the "sole" measure of recovery for rent overcharges. It is true that treble damages are not available where an owner proves, by a preponderance of the evidence, that the overcharge was not willful. Nonetheless, it is inescapable—and not disputed by the majority—that treble damages are *mandatory* in the event the owner is found to have overcharged the tenant. A landlord who fails to rebut the statutory presumption of willfulness *will be subject to treble damages*.

The majority finds CPLR 901 (b) inapplicable in this case because the plaintiff class representatives waived the right to seek treble damages under RSL § 26-516 (a). However, to permit such a waiver would be to circumvent the clear intent of CPLR 901 (b), which is to preclude the maintenance of a class action suit seeking a penalty. Plaintiff's waiver of treble damages is moreover void under Rent Stabilization Code (9 NYCRR) § 2520.13, which provides that "[a]n agreement by the tenant to waive the benefit of *any* provision of the RSL or this Code is void" (emphasis added; *see e.g. Draper v Georgia Props.*, 230 AD2d 455 [1st Dept 1997], *affd* 94 NY2d 809 [1999]; *Drucker v Mauro*, 30 AD3d 37 [1st Dept 2006], *appeal dismissed* 7 NY3d 844 [2006]; *Georgia Props., Inc. v Dalsimer*, 39 AD3d 332 [1st Dept 2007]).

I am unpersuaded by the majority's reasoning that 9 NYCRR 2520.13 does not apply because plaintiff purported to "waive" the class members' rights to treble damages, rather than agreeing to do so via lease or stipulation. Whether unilaterally or via agreement, the fact remains that plaintiff has agreed to give up the benefit of a statutory protection, i.e., the treble damages afforded by RSL § 26-516 (a), on behalf of not only herself but the class—a far more profound impact than one individual purporting to agree to give up her rights via lease. We have previously held that an agreement "which waives the benefit of a statutory protection *is unenforceable as a matter of public policy, even if it benefits the tenant*" (*Drucker*, 30 AD3d at 38 [emphasis added]). Since the effect of the waiver is to vitiate a provision integral to the RSL—the exaction of excessive rents by the landlord—I am compelled to conclude that it is void under 9 NYCRR 2520.13.

Because the penalty imposed by RSL § 26-516 (a) is a mandatory one, maintenance of a class action is prohibited (*see e.g. Rudgayzer & Gratt v Cape Canaveral Tour & Travel, Inc.*, 22 AD3d 148, 149 [2d Dept 2005] [class action may not be maintained under the Telephone Consumer Protection Act (47 USC § 227) because section 227 (e) (5) (A) (i) provides that "(a)ny person that is determined by the Commission . . . to have violated this subsection shall be liable to the United States for a forfeiture penalty"]; *Giovanniello v Carolina Wholesale Off. Mach. Co., Inc.*, 29 AD3d 737 [2d Dept 2006] [same]; *Paltre v General Motors Corp.*, 26 AD3d 481 [2d Dept 2006] [same]; *Weber v Rainbow Software, Inc.*, 21 AD3d 411 [2d Dept 2005] [same]; *Klapak v Pappas*, 79 AD2d 602, 602 [2d Dept 1980] [class action may not be maintained under Social Services Law § 131-o where the relevant provisions of the law provide for "recovery of additional punitive damages in an amount equal to twice the amount (of personal allowance funds) misappropriated or withheld"]).*

This case is distinguishable from those cited by plaintiffs, which involve the waiver of discretionary, as opposed to mandatory, penalties (*see e.g. Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604 [2d Dept 1987] [under consumer protection statute, General Business Law § 349 (h), which provides that any plaintiff injured by reason of a violation of the statute may bring an action to recover his actual damages or $50, whichever is greater, with treble damages recoverable at the court's discretion]; *Ridge Meadows Homeowners' Assn. v Tara Dev. Co.*, 242

---

* Social Services Law § 131-o, similar to RSL § 26-516 (a), provides for the recovery of actual damages in the event of non-willful conduct, and punitive damages in the event of intentional misappropriation.

AD2d 947 [4th Dept 1997] [same]). In allowing "waiver," the majority both rewrites the RSL to provide for a discretionary rather than a mandatory penalty, and circumvents the clear purpose of CPLR 901 (b), which is to prohibit the maintenance of a class action for a penalty.

I am similarly unpersuaded by the majority's reasoning that there is no statutory violation because an individual class member may opt out of the class to pursue his or her treble damages claim. By allowing a class action to proceed seeking only actual damages, we permit the class to effectively rewrite RSL § 26-516 (a) and undermine the legislature's purpose in enacting the statute. Further, allowing waiver under these circumstances arguably does not satisfy due process. A putative class member would not assume that his or her rights might be compromised by waiver of potential claims for treble damages since CPLR 901 (b) expressly forbids the maintenance of a class action seeking a penalty. Since an award of treble damages pursuant to RSL § 26-516 (a) unequivocally constitutes a "penalty," no rational class member would presume that a class representative would have the right to waive these claims, and, more importantly, that he or she would be bound by any such waiver and unable to pursue a treble damages claim if he or she, like most absent class members, neglected to opt out.

Finally, the unilateral waiver of a statutorily imposed penalty by a class representative adversely affects his or her ability to act as an adequate class representative (see Small v Lorillard Tobacco Co., 94 NY2d 43, 54 [1999] [affirming finding that plaintiffs were not adequate class representatives where they limited their theory of recovery in "significant ways" and limited their claim for damages "in order to shape a legally de minimis theory of the case"]). Plaintiff's position will conflict with that of some members of the putative class who, unlike plaintiff, may have suffered substantial overcharges, or whose rent histories may be different, or whose apartments may be classified under a different regulatory category. Since the statute authorizes both actual (in the event the landlord rebuts the presumption of willfulness) and punitive damages, the named representative must seek both in order to adequately represent the interests of the proposed class (see Klapak, 79 AD2d at 602).

The putative waiver, moreover, was procedurally defective insofar as it was not accomplished by plaintiff class representative via affidavit or amended pleading, but by plaintiff's attorney in a reply affirmation (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010] ["The proponent of class certification bears the burden of establishing the criteria

promulgated by CPLR 901 (a) . . . and must do so by the tender of evidence in admissible form"]).

For all of the above reasons, I would find that plaintiff's waiver of the statutory treble damages provisions of the RSL is void and that maintenance of a class action is prohibited under CPLR 901 (b).