**Matter of 507 W 170 LLC v New York State Div. of Hous. & Community Renewal**

2025 NY Slip Op 31899(U)

May 30, 2025

Supreme Court, New York County

Docket Number: Index No. 157279/2023

Judge: Kathleen C. Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. KATHLEEN WATERMAN-MARSHALL</u>     PART          31

*Justice*

---------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF 507 W 170 LLC,

| | |
|---|---|
| INDEX NO. | <u>157279/2023</u> |
| MOTION DATE | <u>07/20/2023</u> |
| MOTION SEQ. NO. | <u>001</u> |

Plaintiff,

- v -

NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, EMMA PAULINO

**DECISION + ORDER ON MOTION**

Defendant.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for           <u>ARTICLE 78 (BODY OR OFFICER)</u>          .

Upon the foregoing documents, petitioner's article 78 petition to reverse respondent's imposition of treble damages upon its finding that petitioner overcharged a tenant, or, alternatively, to remand the matter for further proceedings, is granted in part and the matter dismissed.

## Background

Petitioner is the owner of a residential building at 507 West 170th Street in the County, City, and State of New York, which, as relevant to this proceeding, comprises at least one rent-stabilized apartment, to wit: Apartment 22. The tenant of Apartment 22 was enrolled in the NYC Senior Citizen Increase Exemption ("SCRIE") program; the SCRIE program results in rent exemption orders issued by the NYC Department of Finance ("DOF") which freeze a tenant's rent, prohibit future rent increases to the tenant, and awards the owner a tax abatement credit in place of the future rent increases (RSL § 26-509[3][iii]).

On May 13, 2016, the tenant of Apartment 22 filed a rent overcharge complaint with respondent New York State Division of Housing and Community Renewal ("DHCR") alleging that petitioner failed to recognize various rent reduction orders issued by DHCR under the SCRIE program. Petitioner opposed the complaint, contending that the amount of rent paid was less than the reduced legal rent and that it had inquired with the DOF whether an adjustment had been made prior to petitioner's purchase of the building. By order dated February 26, 2019, the Rent Administrator at DHCR found that petitioner had failed to comply with four prior rent

**157279/2023   IN THE MATTER OF THE APPLICATION OF 507 W 170 LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

Page 1 of 4

1 of 4

[* 1]

reduction orders, had overcharged the tenant in Apartment 22, and the total amount of the overcharge, including interest and treble damages, was $22,428.80.[1]

Petitioner filed an administrative appeal (PAR), contending treble damages were not warranted because: (1) the overcharge was not willful; (2) the Housing Stability and Tenant Protection Act of 2019 ("HSTPA") did not apply; (3) the calculation of the tenant's rent was hyper technical; (4) petitioner was unaware of the rent reduction orders issued prior to its ownership; (5) the tenant's rent was complicated by both the tenant and DSS paying portions of the rent; and (6) the overcharge award was not apportioned between the tenant and the DOF. The Commissioner denied petitioner's PAR by order issued May 31, 2023. The Commissioner found that the Rent Administrator did not apply the HSTPA in awarding treble damages, and instead applied the appropriation portion of the Rent Stabilization Code to calculate damages.

Petitioner filed the instant Article 78 proceeding on July 20, 2023, contending that the Deputy Commissioner's PAR order was arbitrary and capricious by awarding the tenant treble damages after petitioner established the overcharge was not willful. Additionally, petitioner contends that the Deputy Commissioner's PAR order was arbitrary and capricious by not properly apportioning the rent reduction order between the tenant and the City of New York. As part of both claims, petitioner alleges the PAR order was counter to considerations of equity and fair dealing. Petitioner's challenge of the PAR order is limited to these claims. Respondent answered and opposed the petition, petitioner replied, and the matter was, thereafter, adjourned and transferred to this Part.

**Discussion**

The standard of review of an agency determination via an Article 78 proceeding is well established. The Court must determine whether there is a rational basis for the agency determination or whether the determination is arbitrary and capricious (*Matter of Gilman v New York State Div. of Housing and Community Renewal*, 99 NY2d 144 [2002]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Peckham v. Calogero*, 12 NY3d 424 [2009]; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). When an agency determination is supported by a rational basis, this Court must sustain the determination, notwithstanding that the Court would reach a different result than that of the agency (*Peckham*, 12 NY2d at 431).

*I. Treble Damages*

The Commissioner's PAR order is supported by a rational basis. As an initial matter, the PAR order found that petitioner failed to establish the overcharge was not willful; thus, treble damages were imposed by statute. This is not a scenario in which the PAR order found no willfulness but nevertheless imposed treble damages. The PAR order correctly applied Rent Stabilization Code § 2526.1 – which provides that a current owner is responsible for overcharges collected by a prior owner and for knowledge of rent records and history – to find that petitioner

---

[1] The Rent Administrator initially calculated the total damages to be $19,276.31; however, the proceedings were *sua sponte* reopened by the Rent Administrator for a re-calculation of damages, and upon further consideration the Rent Administrator calculated the total overcharge to be $22,428.80.

157279/2023   IN THE MATTER OF THE APPLICATION OF 507 W 170 LLC vs. NEW YORK STATE          Page 2 of 4
DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL
Motion No.  001

2 of 4

was responsible for the prior owner's overcharges. As noted by the Commissioner, the subject lease was registered with DHCR; thus, the collectible rent was known, and the amount the tenant was charged exceeded the collectible rent. The prior owner knew this information, and petitioner could have requested copies of the rent reduction orders and registrations when it purchased the building (*Le Bihan v 27 Washington Sq. North Owner, LLC*, 205 AD3d 616 [1st Dept 2022] [successor landlord able to ascertain whether previous owner overcharged tenants due to record keeping requirements]; *see generally*, *Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332 n 6 [2020] [DHCR taking notice of its own orders is not an onerous obligation on owner]). Furthermore, the PAR order found petitioner was actually aware of at least one SCRIE rent reduction order,[2] as it cited this reduction order in its December 2015 letter to DOF. Nevertheless, petitioner did not reduce the rent as required by this reduction order.

Willfulness of an overcharge is presumed, and treble damages are imposed, unless the owner establishes, by a preponderance of the evidence, that the overcharge was not willful (*H.O. Realty Corp v State Div. of Housing and Community Renewal*, 46 AD3d 103, 107 [1st Dept 2007]; Rent Stabilization Law § 26-516[a]). Contrary to petitioner's claim that its letters to DOF inquiring about the rent adjustment establish that its overcharge was not willful, its first letter, sent to the DOF in December 2015, establishes that the continued overcharges after petitioner purchased the building were willful. The December 2015 letter expressly referenced a rent reduction order, and inquired regarding tax abatement credits stemming from the rent reduction. Notwithstanding, it is undisputed that petitioner did not apply this rent reduction to the tenant's rent. Accordingly, the PAR order finding willfulness of the overcharge is neither arbitrary nor capricious.

Petitioner asserts that its overcharge was a result of hyper technical calculation of rent and that respondent failed to consider the hyper technical nature of the overcharge; however, it cites no authority for this conclusion.

*II. Equity and Fair Dealing*

Article 78 review is limited to whether the agency determination is arbitrary and capricious, taken with regard to the facts, and accurately applies the law (*Matter of Gilman*, 99 NY2d 144; CPLR § 7803). Petitioner cites no authority permitting this Court to substitute its judgment, as a matter of equity and fair dealing, in reviewing an agency determination under Article 78. Indeed, such substitution is not permitted (*Peckham*, 12 NY2d at 431). Consequently, petitioner's request that the Court reverse respondent's determination upon equitable or fail dealing grounds is denied.

*III. Interest*

To the extent that petitioner alleges that is should not be responsible for interest for the period between the first and second rent administrator orders (February 26, 2019 to September 21, 2022), its claim is unpreserved having not been presented during the PAR. Assuming it was preserved, the imposition of interest is nevertheless proper. There is no dispute that petitioner overcharged the tenant, and the imposition of interest is "designed to discourage violations of the

---

[2] Reduction Order WD410086S.

**157279/2023   IN THE MATTER OF THE APPLICATION OF 507 W 170 LLC vs. NEW YORK STATE        Page 3 of 4**
**DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

3 of 4

Rent Stabilization Law and, where a violation occurs, to compensate the tenant" (*Mohassel v Fenwick*, 5 NY3d 44, 50 [2005]).

*IV. Apportionment of Overcharge*

Petitioner contends that respondent failed to follow its own precedent by not apportioning the overcharge between the tenant and the DOF. Whether respondent failed to follow its own precedent on this issue is not dispositive, as the Appellate Division, First Department has already determined that a tenant is not entitled to recover rent overcharges which were paid by a form of public assistance (*Dunbar Partners v Landon*, 277 AD2d 129 [1st Dept 2000]). It is undisputed that a portion of the tenant's rent was not directly paid by the tenant, but instead was paid by social or public assistance programs. However, neither the PAR order, nor the orders of the rent administrator, apportion the overcharge between the tenant and any public or social assistance programs.[3]

To the extent that respondent contends the rent administrator calculated total overcharge damages to be $52,763.60, and tenant's portion of damages to be $22,428.80, the record and determinations of respondent are unclear on this point.

**Conclusion**

It is undisputed that petitioner overcharged the tenant. Respondent's determination that petitioner willfully overcharged the tenant, and thus finding treble damages appropriate, is supported by a rational basis and statute, and is neither arbitrary nor capricious. Consequently, disturbing these findings would be inappropriate. However, on this record, it is not clear which portion of the overcharged rent was paid directly by the tenant and which portion was paid for by social or public assistance. The tenant is entitled to recover only the portion of the overcharge they paid; that portion of the overcharge paid by public or social assistance programs is recoverable by the entity making those assistance payments.

Accordingly, it is

**ORDERED** that the petition is granted to the extent of remanded for further proceedings before respondent DHCR limited to the solely to apportioning the overcharge damages paid by the tenant directly and those paid by other sources, and otherwise denied; and it is further

**ORDERED** that the matter shall be marked/disposed.

_____
**5/30/2025**
**DATE**

**KATHLEEN C. WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[3] Petitioner contends that the Department of Social Services and the CRIE unit of the NYC Department of Finance paid portions of the tenant's rent.

**157279/2023   IN THE MATTER OF THE APPLICATION OF 507 W 170 LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**      **Page 4 of 4**
**Motion No.  001**