Hess v EDR Assets LLC (2019 NY Slip Op 02658)





Hess v EDR Assets LLC


2019 NY Slip Op 02658


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8940 160494/17

[*1]Michele E. Hess, et al., Plaintiffs-Respondents,
v
EDR Assets LLC, et al., Defendants-Appellants.


Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for appellants.
Newman Ferrara LLP, New York (Roger Sachar of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 7, 2018, which denied defendants' motion to dismiss the complaint or, in the alternative, to dismiss the class action allegations of the complaint, unanimously affirmed, without costs.
The court properly found that the second and third causes of action of the complaint were not moot because there was a justiciable issue regarding the proper method of calculating the amount of the rent overcharges, which, based on the record before the court, DHCR did not determine.
The court did not improvidently exercise its discretion in denying plaintiffs' cross motion for class action status with leave to renew following discovery, based on issues raised by defendants concerning the typicality of a named representative. The court correctly determined that there were common questions of law and fact that predominated over individual issues, such as the proper method of calculating the amount of the rent overcharges and whether defendants engaged in a fraudulent scheme to deregulate the apartments. Moreover, the Court of Appeals has found that class action treatment was superior to individual adjudication in similar situations (see Borden v 400 E. 55th St Assoc., L.P., 24 NY3d 382, 400 [2014].
We reject respondent's request for dismissal of this action on the ground that DHCR has primary jurisdiction since the action raises legal issues, including class certification, that must be addressed in the first instance by the court (See Kresiler v B-U
Realty Corp., 164 AD3d 1117 [1st Dept 2018], lv dismissed 32 NY3d 1090 [2018]; Dugan v London Terrace Gardens, L.P., 101 AD3d 648 [1st Dept 2012]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK