Corcoran v Narrows Bayview Co., LLC (2020 NY Slip Op 03061)





Corcoran v Narrows Bayview Co., LLC


2020 NY Slip Op 03061


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9206 104549/10

[*1]Ethel H. Corcoran, et al., Plaintiffs-Appellants,
v
Narrows Bayview Company, LLC, Defendant-Respondent.


Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for appellants.
Horing Welikson & Rose, P.C., Williston Park (Niles C. Welikson of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Anthony Cannataro, J.), entered March 12, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment declaring the legal regulated rent for the apartment to be $2,538 and that all overcharges have been fully refunded, and dismissing plaintiffs' claims for rent overcharge and treble damages, unanimously affirmed, with costs.
Plaintiffs' rent-stabilized apartment could not be deregulated pursuant to luxury decontrol laws during the period the building was receiving J-51 tax benefits (Roberts v Tishman Speyer Props. L.P., 13 NY3d 270 [2009]; Gersten v 56 7th Ave. LLC, 88 AD3d 189 [1st Dept 2011]). Given the lack of evidence that defendant engaged in fraud in deregulating the apartment, plaintiffs' claims for rent overcharge and to calculate the legal regulated rent are subject to a four-year look back period (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, ___ NY3d ___, 2020 NY Slip Op 02127 [2020]; CPLR 213-a).
The parties agree that the applicable base date is April 2006, four years prior to the April 2010 date of the complaint, and we reject plaintiffs' suggestion that the lack of DHCR filings contemporaneous with the base date requires one to look beyond the four-year period to an earlier legal regulated rent reported in a DHCR filing. This Court has held that "rental history," as that term is used in CPLR 213-a, is not restrained to DHCR records and may include the records of the landlord and the tenant (Regina Metro. Co., LLC, 164 AD3d 420, 427 [1st Dept 2018], affd ___ NY3d ___, 2020 NY Slip Op 02127). Accordingly, the correct base rent is $2,000, which is the rent actually paid by the prior tenants in April 2006.
When the prior tenants vacated on or about May 31, 2006 and plaintiff executed a two-year lease effective July 1, 2006, defendant was entitled to a 20% vacancy increase equal to $400 (20% of $2,000), bringing the legal regulated rent to $2,400 (see 9 NYCRR 2522.8). Additionally, defendant was entitled to a 5.75% rent guidelines increase of $138.00 (5.75% of $2,400) when plaintiffs executed a two-year renewal lease effective from July 1, 2008 through June 30, 2010. This resulted in a legal regulated rent of $2,538.
The court properly dismissed plaintiffs' claim for treble damages premised on the allegation that defendant willfully deregulated the apartment or violated rent laws by not filing annual regulated rent disclosures with DHCR. A finding of willfulness is generally not applicable to cases arising in the aftermath of Roberts, where defendant followed DHCR's guidance when deregulating the unit (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 398 [2014]; Regina Metro. Co., LLC, 164 AD3d at 423), and plaintiffs failed to raise an issue of [*2]fact in this regard. Furthermore, failure to timely file annual disclosures with the DHCR cannot support treble damages (see Administrative Code of City of NY § 26-516[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK