Agolli v Zoria Hous., LLC (2020 NY Slip Op 06695)





Agolli v Zoria Hous., LLC


2020 NY Slip Op 06695


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 160843/15, 162351/15 Appeal No. 12403-12403A Case No. 2019-4719 

[*1]Blendi Agolli et al., Plaintiffs-Appellants,
v
Zoria Housing, LLC, et al., Defendants-Respondents, PS Contracting of NJ Inc. et al., Defendants.
Blendi Agolli et al., Plaintiffs-Appellants,
v
Technico Construction Services Inc., Defendant-Respondent, PS Contracting of NJ Inc., et al., Defendants.


Virginia & Ambinder, LLP, New York (James E. Murphy of counsel), for appellants.
Crowell & Moring LLP, New York (Eric Su of counsel), for Zoria Housing, LLC and US Specialty Insurance Co., respondents.
Rabinowitz, Galina & Rosen, Mineola (Susan J. Deith of counsel), for Technico Construction Services, Inc., respondent.
 Orders, Supreme Court, New York County (Alan C. Marin, J.), entered on or about May 13, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motions for class certification for failure to satisfy the numerosity requirement, unanimously reversed, on the law, without costs, and the matter remanded for further proceedings in accordance with this decision.
The court reasonably interpreted Borden v 400 E. 55th St. Assoc., L.P. (24 NY3d 382, 400 [2014]) in concluding that 40 was the presumed threshold of numerosity for class certification (CPLR 901[a][1]). Nevertheless, it improvidently exercised its discretion in denying class certification on the ground that plaintiffs failed to satisfy that requirement. The affidavits and documents submitted by both parties are insufficient to determine even an approximate number of employees who worked on the various public works projects giving rise to these actions. Thus, we remand for further discovery as to the size of the class (see Katz v NVF Co., 100 AD2d 470, 474 [1st Dept 1984]) and, if necessary, for a determination whether the other prerequisites of CPLR 901(a) and the additional factors set forth in CPLR 902 are met (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422-423 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020