Griffin v Gregory's Coffee Mgt. LLC (2021 NY Slip Op 01198)





Griffin v Gregory's Coffee Mgt. LLC


2021 NY Slip Op 01198


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 153397/18 Appeal No. 13226 Case No. 2020-03902 

[*1]Nicole Griffin, Plaintiff-Respondent,
v
Gregory's Coffee Management LLC, Defendants-Appellants.


White and Williams LLP, New York (George C. Morrison of counsel), for appellants.
Bouklas Gaylord LLP, Commack (James Bouklas of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed), entered on or about June 9, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the class allegations asserted in plaintiff's amended complaint, unanimously affirmed, with costs.
The order appealed from involves a pre-certification motion to dismiss. In reviewing these types of motions, this Court has held that it will generally be "premature to dismiss class action allegations before an answer is served or pre-certification discovery has been taken" (Downing v First Lenox Terrace Assoc., 107 AD3d 86, 91 [1st Dept 2013], affd 24 NY3d 382 [2014]). A defendant will succeed on a pre-certification motion to dismiss only where it "appears conclusively from the complaint and from the affidavits that there was as a matter of law no basis for class action relief" (id. [internal quotation marks omitted]). Thus, to succeed on the underlying motion, defendants had the burden of showing "conclusively" that there was no basis for class action relief as a matter of law (id.).
Defendants have not "conclusively" shown that there is no commonality as to the questions of law or fact that relate to the proposed class (id.; CPLR 901[a][2]). Among other things, plaintiff alleges that defendants violated Part 146 of the New York Minimum Wage Order because they did not provide their employees with a sufficient number of uniforms for the average days worked per week and/or did not properly reimburse the employees for purchasing uniforms (12 NYCRR §146-1.7[a]). Contrary to defendants' assertions, calculating damages under the Wage Order would be relatively straightforward, and not governed by the "subjective" and individualized inquiries that defendants rely upon in support of reversal. Nor have defendants "conclusively demonstrated" that there is no basis for class action relief when applying the "wash and wear" exception (12 NYCRR § 146-1.7[b]). The court properly awarded pre-certification discovery rather than dismissing the complaint.
We have considered defendants' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021