Austin v 25 Grove St. LLC (2022 NY Slip Op 00716)





Austin v 25 Grove St. LLC


2022 NY Slip Op 00716


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 155570/20 Appeal No. 15228-15228A Case No. 2021-03201 

[*1]Maire Sheila Austin et al., Plaintiffs-Respondents-Appellants,
v
25 Grove Street LLC, Defendant-Appellant-Respondent.


The Price Law Firm, LLC, New York (Joshua C. Price of counsel), for appellant-respondent.
David Rozenholc & Associates, New York (Ellery Ireland of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Phillip Hom, J.), entered August 23, 2021, which denied defendant landlord's motion for summary judgment dismissing plaintiff tenants' rent overcharge claim and granted plaintiffs' cross motion for summary judgment declaring that the apartment is subject to rent stabilization, setting the legal base rent at $2,500, and awarding rent overcharges and treble damages and attorneys' fees accordingly, unanimously modified, on the law, to deny plaintiffs' motion as to the setting of the legal base rent and the award of rent overcharges, treble damages and attorneys' fees, and otherwise affirmed, without costs. Plaintiffs' appeal unanimously dismissed, without costs, for failure to perfect.
Beginning in May 2013, plaintiffs leased the subject apartment at a monthly rent of $2,950, increased to $2,979.50 in June 2015. In 2014, defendant's predecessor was receiving J-51 tax benefits, but registered the apartment as "exempt" due to "high rent vacancy" and based on improvements, notwithstanding the 2009 ruling of the Court of Appeals that rent-regulated apartments could not be removed from rent stabilization while the building received J-51 benefits (Roberts v Tishman Speyer Props., L.P., 13 NY3d 270, 280 [2009]). In June 2015, defendant's predecessor provided plaintiffs with a standard rent-stabilized renewal lease form, which contained a J-51 benefits rider stating that the apartment was rent stabilized as a result of the building's receipt of J-51 benefits, which were set to expire on or about June 30, 2018. In July 2020, plaintiffs commenced this action.
The motion court correctly determined that plaintiffs' apartment was subject to rent stabilization and directed defendant to issue a proper rent stabilized lease to them and to properly register their tenancy with Division of Housing and Community Renewal (DHCR). Although defendant contends that there was no need for declaratory relief because it never denied that the apartment was subject to rent stabilization, it presented no evidence that it had offered plaintiffs proper renewal leases under Rent Stabilization Code (RSC) (9 NYCRR) § 2523.5 at any time since 2015 or that it had taken steps to register the apartment properly with DHCR.
The parties agree that the court erred in setting the legal regulated rent at $2,500, which was the threshold for high rent deregulation between June 24, 2011 and June 24, 2015 (Rent Stabilization Law [RSL] [Administrative Code of City of NY] § 26-504.2). For this reason, the calculation of rent overcharges is set aside.
To the extent plaintiffs seek to recover overcharges that accrued before the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA), effective June 14, 2019, the amendments to CPLR 213-a and Rent Stabilization Law § 26-516 enacted under the HSTPA are not applicable (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 386 [2020]). Plaintiffs are [*2]correct that, because defendant's predecessor provided them with a market-rate lease claiming the apartment was deregulated in 2013, well after the Court of Appeals decided Roberts v Tishman Speyer Props. (13 NY3d at 280), defendant cannot claim reliance on DHCR guidelines when it deregulated the apartment (see Montera v KMR Amsterdam LLC, 193 AD3d 102, 105-106 [1st Dept 2021]). Nevertheless, Regina Metro applies to this case insofar as it determined that Part F of the HSTPA governing rent overcharges cannot be applied retroactively to overcharges that accrued before the enactment of the HSTPA.
Plaintiffs argue that, regardless of whether the HSTPA applies to any portion of its overcharge claim, the illegal conduct of defendant and their predecessor warrants a finding of fraud as a matter of law, permitting review of the entire rent history. They cite to the initial improper offer of a market rate lease during the period that the landlord was receiving J-51 benefits, followed by an offer two years later of a rent-stabilized renewal lease that was not registered, and the failure to offer any subsequent renewal lease and the registration of a purportedly "fictitious" lease in 2018, which defendant contends was merely an error. While these irregularities in the DHCR rent history and defendant's failure to provide proper rent-stabilized renewal leases raise questions of fact as to defendant's adherence to the rent stabilization laws, summary judgment in plaintiff's favor based on a finding of fraud is not warranted at this stage, given the parties' competing contentions as to the reasons for the discrepancies in the DHCR history and questions of scienter (cf. Montera, 193 AD3d at 107 ["Assumptions regarding the regulatory status of an apartment may amount to willful ignorance, which constitutes willful conduct"] [internal quotation marks omitted]).
Applying the pre-HSTPA law to the pre-HSTPA overcharges, under the four-year lookback rule, there was no lease in effect and no rent history on the base date of July 21, 2016. Under Rent Stabilization Code § 2523.5(c)(1), if an owner fails to offer a timely renewal lease, "the guidelines rate applicable shall be no greater than the rate in effect on the commencement date of the lease for which a timely offer should have been made." The amount of overcharge, if any, during the agreed-upon four-year look back period beginning July 21, 2016, and through the present, cannot be determined on this record.
As for treble damages, although "failure to timely file annual disclosures with the DHCR cannot support treble damages" (Corcoran v Narrows Bayview Co., LLC, 183 AD3d 511, 512 [1st Dept 2020]), the record is insufficient to resolve the issue. Under the circumstances, the question of attorneys' fees should be determined with the resolution of the overcharge claim.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*3], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022