Hoffman v Fort 709 Assoc., L.P. (2022 NY Slip Op 02510)

Hoffman v Fort 709 Assoc., L.P.

2022 NY Slip Op 02510

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 160191/17 Appeal No. 15750 Case No. 2021-01864 

[*1]Brian Hoffman et al., Plaintiffs-Appellants,
v
Fort 709 Associates, L.P., Defendant-Respondent.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellants.
Greenberg Traurig, LLP, New York (Daniel J. Ansell of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered March 31, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for class certification and to amend the complaint to assert a claim under General Business Law § 349, unanimously modified, on the law and the facts, the motion to certify as a class granted, and otherwise affirmed, without costs.
Supreme Court erred in denying class certification on the ground that plaintiffs failed to show that "the class is so numerous that joinder of all members . . . is impracticable" (CPLR 901[a][1]). Borden v 400 E. 55th St. Assoc., L.P. (24 NY3d 382, 383 [2014]) and subsequent cases, such as Maddicks v Big City Props., LLC (34 NY3d 116 [2019]), make it clear that qualified plaintiffs may "utilize the class action mechanism to recover compensatory rent overcharges against landlords who decontrolled apartments in contravention of Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a) while accepting tax benefits under New York City's J-51 tax abatement program." The legislature contemplated classes involving as few as 18 members (Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d at 399). Here, as in Borden, plaintiffs allege defendant deregulated apartments while receiving J-51 tax benefits. Construing the class certification statute liberally (see Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 21 [1st Dept 1991]), given that the asserted class consists of former and current tenants who lived in the 16 units improperly treated as deregulated after November 15, 2013, while defendant was receiving J-51 tax benefits, it is reasonable to infer that some units in this 49-unit apartment building would have had more than one tenant and several tenants would have moved away, making joinder of all members impracticable (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d at 399). The identity of class members, i.e., which units were treated as deregulated and who leased them during the relevant time period, is within defendant's knowledge.
We affirm the court's denial of leave to amend the complaint to assert a claim under General Business Law § 349, but for reasons different than those stated by the motion court. The claim was not a proposed amendment. A review of the original complaint and the marked-up proposed amended complaint reveals that the claim was retained from the original complaint with only minor edits (see CPLR 3025[b]). Thus, leave to assert the claim was not required.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022